IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20CV317-GCM

| | |
|---|---|
| MARK HICKS, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| TRINET HR III, INC., | ) |
| Defendant. | ) |

This matter is before the Court upon Defendant's Motion to Dismiss. This motion is fully briefed and ripe for disposition.

Plaintiff, an African American male and former employee of the Defendant, was terminated from his employment on May 10, 2017. On November 13, 2017, Plaintiff filed a Charge of Discrimination with the North Carolina Department of Labor ("NCDOL") against the Defendant. (Compl. ¶ 27). Plaintiff's charge alleged he was terminated after he filed a workers' compensation claim and after he complained of alleged treatment by his manager to his manager's supervisor. On July 15, 2019, the NCDOL issued a Right-to-Sue Letter to Plaintiff. He filed this Complaint on May 8, 2020 alleging discrimination and retaliation under 42 U.S.C. § 1981, wrongful termination in violation of North Carolina public policy, and violation of the North Carolina Retaliatory Employment Discrimination Act, N.C. Gen. Stat. § 95-240 *et seq*. ("REDA"). Defendant moves to dismiss Plaintiff's REDA claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

In reviewing a motion to dismiss, the Court may consider not only allegations in the Complaint, but also documents attached to the motion, "so long as they are integral to the

1

Complaint and authentic." *Phillips v. Pitt Cnty. Mem'l. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *see also Lorenzo v. Rumsfeld*, 456 F.Supp.2d 731, 734 (E.D. Va. 2006), *aff'd*, 225 F.3d Appx. 165 (4th Cir. 2007) ("Where, as here, Plaintiff's judicial complaint relies on informal and formal administrative complaints, these documents may be considered in ruling on a motion to dismiss, without converting the Rule 12(b)(6) motion into a Rule 56 motion.").

Plaintiff has the burden of establishing the court's subject matter jurisdiction. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Moreover, Plaintiff must carry this burden by a preponderance of the evidence. *See Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007).

Defendant argues that Plaintiff's REDA claim is untimely because he failed to file the Complaint within 90 days of the issuance of his Right-to-Sue letter. A civil action under REDA "shall be commenced by an employee within 90 days of the date upon which the right-to-sue letter was issued." N.C. Gen. Stat. § 95-243(b). The Commissioner issued its right-to-sue letter to Plaintiff on July 15, 2019. The letter warned: "**THIS IS YOUR 90 DAY RIGHT-TO-SUE LETTER. Pursuant to N.C. Gen. Stat. § 95-243, if you intend to pursue a lawsuit, you must file a civil action in superior court within ninety (90) days of the date of this letter. If you fail to file a civil action within this time, your right to sue the Respondent under the provisions of REDA is lost.**" (Doc. No. 4-1, p. 9). The Complaint was filed on May 6, 2020, more than ninety-days after July 15, 2019.

Plaintiff has submitted the Affidavit of his counsel in which his counsel states that although the Right-to-Sue letter was sent by certified mail to his law firm, counsel did not receive the letter due to mishandling by an employee of its landlord. Apparently, the landlord provides administrative services to its tenants, which include opening and sorting mail. The

2

Case 3:20-cv-00317-GCM   Document 10   Filed 07/28/20   Page 2 of 3

employee signed for the letter but did not notify the firm as required and the letter was later discarded.

While these events are certainly unfortunate, the fact remains that the Complaint was filed more than 90 days after the Right-to-Sue letter was issued. Without citing any case law, Plaintiff argues that the Court has discretion to allow Plaintiff's REDA claim to continue. However, the plain language of the statute does not leave any room for the Court's discretion. *See Telesca v. SAS Institute, Inc.*, 516 S.E.2d 397 (N.C. Ct. App. 1999) (affirming the trial court's dismissal of plaintiff's REDA claim where it was filed ninety-four days after the right-to-sue letter was issued).

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Plaintiff's Fourth Cause of Action is hereby GRANTED.

Signed: July 28, 2020

Graham C. Mullen
United States District Judge